IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VERA R. CROWELL,

        Plaintiff,

v.

STATE OF WISCONSIN BOARD OF
REGENTS, UNIVERSITY OF WISCONSIN
SYSTEM,

        Defendant.

ORDER

12-cv-295-wmc

In light of the Supreme Court's recent decision in *University of Texas Southwestern Medical Center v. Nassar*, ___ S.Ct. ___, 2013 WL 3155234, *14 (Jun. 24, 2013), defendant State of Wisconsin Board of Regents of the University of Wisconsin System ("the Board") has moved for reconsideration of the court's June 13, 2013, summary judgment decision, which allowed plaintiff Vera Crowell's Title VII retaliation claim to proceed to trial on July 29, 2013. (Dkt. #46.) Crowell responded and also filed a motion to supplement "the record regarding defendant's motion for summary judgment" with an additional deposition transcript. (Dkt. #55.) Finally, the Board moved to file a reply brief to further clarify its position. (Dkt. #64.) Having now considered all of this material, the court will deny the Board's motion for reconsideration. The court will also deny Crowell's motion to supplement the record, having already issued its summary judgment decision and Crowell not having argued that the deposition relates to issues raised in the Board's motion for reconsideration

In *Nassar*, the Supreme Court made express what the Seventh Circuit and this court had surmised; that "Title VII retaliation claims must be proved according to traditional principles of but-for causation," requiring "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.*

Nevertheless, the Board argues that having been issued after the summary judgment decision in this case, the *Nassar* decision changes the disposition of Crowell's retaliation claim on summary judgment.

Even assuming that *Nassar* somehow articulated a *more* stringent "but for" causation standard, Crowell has presented enough evidence to survive the Board's motion for summary judgment on her retaliation claim. The court originally denied summary judgment because genuine issues of material fact remained as to whether Crowell's complaints of race discrimination unfairly caused the Board to scrutinize Crowell's performance, discipline her and terminate her employment. That is still true.

Crowell certainly had performance issues. If credited as substantial, the jury *could* certainly conclude these issues led to her discipline and termination. As stressed in the court's summary judgment decision, however, Crowell points to the fact that for *nine* years, similar performance, tardiness and absence issues went unchecked. Yet Crowell faced no discipline -- nor were any of these issues even mentioned to her -- before she complained about Hartzheim's race discrimination. Crowell began complaining before Hartzheim became her supervisor and then again in February and March of 2010. The discipline began almost immediately thereafter, in April 2010, culminating in her termination in December 2010. Moreover, Crowell averred that this greatly heightened monitoring of her activities was something to which only she was subjected. A reasonable jury could, therefore, conclude that "but for" Crowell's complaints, she would have continued to escape scrutiny and discipline for her absenteeism and poor performance.

ORDER

IT IS ORDERED that:

(1) The motion for reconsideration (dkt. #46) and motion to file a reply (dkt. #64) filed by defendant State of Wisconsin Board of Regents of the University of Wisconsin System are DENIED; and

(2) Plaintiff Vera Crowell's motion to supplement the summary judgment record (dkt. #55) is DENIED.

Entered this 12th day of July, 2013.

                                        BY THE COURT:

                                        /s/
                                        _____
                                        William M. Conley
                                        District Judge